Sections 5617-3 and 5617-8. In view of the conclusion the court has reached, it is unnecessary to further discuss this proposition.

The demurrer to the petition must be sustained.

The court wishes to express its appreciation of the very able manner in which both counsel have presented this case, and to thank them for the help afforded by their excellent briefs.

---

## NECESSARY AVERMENTS IN AN ACTION FOR DAMAGES FOR BREACH OF CONTRACT.

Common Pleas Court of Hamilton County.

WILLIAM BOSWELL v. THE SECURITY LIFE INSURANCE COMPANY.

Decided, April 22, 1912.

*Pleading—Averments as to an Agreement, Alleged to be in Breach, Are Sufficient, When—Essential Allegations Can Not be Reached by a Motion to Strike Out—Brevity Essential, But ·Should be Subordinated to Purposes of the Code—Facts Excusing Non-Performance Not Immaterial or Irrelevant—Election Can Not be Required as Between Allegations of Fact—Pleading of Inconsistent Allegations of Fact in the Alternative—Evidential and Ultimate Facts.*

1. An allegation of an agreement is often an allegation of mixed law and fact, and it is sufficient to allege the agreement as it was at the time of the breach without giving all the agreements and modifications thereof resulting in the ultimate agreement.

2. Except as specifically provided by the code, an insertion of agreements bodily in a petition is not good pleading, but the remedy is not a motion to strike out but for a reformation of the petition. However informal a pleading may be a court can not strike out allegations essential to plaintiff's cause of action.

3. Where the line between evidential and ultimate facts is not clear and the plaintiff relies upon certain well defined facts in support of what otherwise would be an essential allegation of mixed law and fact, he should be allowed to plead them so that the issues as to such facts of their sufficiency may be clearly presented. Brevity

in pleading is to be desired and is accomplished by the allegation of ultimate facts, but should be subordinate to the purposes of the code, which is to present clear and separate issues of law and fact.

4. Facts constituting excuses for non-performance of condition, waiver of performance, estoppel to claim non-performance, and interpretation by the parties themselves of ambiguous conditions are not immaterial nor irrelevant.

5. Allegations or fact in a petition not pleaded in the alternative, all of which may be true and therefore not inconsistent although the plaintiff is not required to establish all and might ultimately elect to establish one or more, may be and should ordinarily be alleged in one statement as a cause of action; but whether so alleged or divided into separate statements or counts, each sufficient as a cause of action, the plaintiff is not required to elect between them.

6. If the allegations of fact can not all be true and are therefore inconsistent, nevertheless, if they are such that the plaintiff can have a fair doubt as to which he can establish, he may be permitted without error, and therefore in such cases should be allowed to plead such facts in the alternative in the form of separately numbered statements or counts.

*Bettinger, Guckenberger, Schmitt & Kreis,* for plaintiff.
*Williams, Taylor & Nash,* contra.

HUNT, J.

This is an action for damages for breach of contract.

The plaintiff alleges that on October 30th, 1901, he entered into a contract with defendant to act as its general agent in the states of Ohio, West Virginia and Kentucky, for the purpose of procuring applications for life insurance; that by said agreement, upon certain specified classes of policies of insurance, he was to receive certain specified commissions and that said contract was to continue in force so long as conditions thereof were fulfilled; the other stipulations or conditions of the contract are not alleged in the petition, but the petition states that "a copy of such contract is hereto attached, marked 'Exhibit A,' and made a part hereof."

Plaintiff further says that on the same day a second contract, attached and made part of the petition as "Exhibit B," was entered into with defendant, whereby said first contract was modified and depending upon plaintiff securing certain specified

amounts of insurance during any one year, certain specified additional percentages of commissions were to be paid to plaintiff for such years; that on April 14, 1902, a further contract, attached and made part of the petition as "Exhibit C," was entered into, further modifying certain specified paragraphs of said first contract; that on March 23, 1905, a further written contract, attached and made part of the petition as "Exhibit D," was entered into, modifying said first contract by providing that said contract should continue in force for twenty years from its date; that on December 18, 1901, a further contract was entered into, attached and made part of the petition as "Exhibit E," by which said first contract was further modified by including the state of Tennessee in the territory specified therein; that on December 15, 1903, a further contract, attached and made part of the petition as "Exhibit F," was entered into, making certain specified changes in the minimum paid for new business in said state of Tennessee; that the plaintiff until January 1, 1912, had fully performed all the terms and conditions of said contract and modifications thereof.

Plaintiff further says that it was necessary for plaintiff to employ, and plaintiff has employed many sub-agents, and has expended money in the sum of about $50,000 in putting said agency on a profitable basis to plaintiff and defendants, all of which said defendants well know; that on January 1, 1912, defendant notified plaintiff that it would thereafter refuse to pay to plaintiff the amounts of commissions secured by said contract, claiming a right to terminate said contract because plaintiff had not secured during 1911, the sum of $2,900,000 of insurance, and that by reasons of such refusal plaintiff ceased to act as the general agent of defendant.

Plaintiff further alleges that defendant never intended to have such right to so terminate said contract, and further alleges the intention of defendant in that regard; that prior to April 14, 1902, a question arose as to such right, and that defendant through its president and general manager informed plaintiff that such right was not intended to be created by such contract,

and expressly disclaimed any such right; that by reason of such representations and disclaimer by defendant, plaintiff continued to act as the agent of the defendant, spending his time and money as aforesaid; that plaintiff and defendant both knew that plaintiff could not be repaid and obtain a reasonable profit from his agency, except during the last ten years of the contract, which profit and repayments of expenditures plaintiff expected; that the amount of insurance produced by plaintiff in every year except 1909 and 1910 was less than $2,900,000, and that the business of the year 1910 was the result of high pressure methods; that defendant at no time claimed the right to terminate said contract for failure of plaintiff to produce $2,900,000 of insurance during any one year until about January 1, 1912; that defendant since the making of said contract has ceased to issue certain of its most saleable policies and has diminished the amount of insurance to be issued upon any one life, thereby precluding plaintiff during the year of 1911 and thereafter from producing $2,900,000 of insurance per year; that in 1906, defendant by reason of the Armstrong law enacted by the state of New York, refused to pay plaintiff the amount of commissions secured by his contract until his right thereto should be determined by a suit to be brought by him in New York; that such suit was brought, and after two years litigation it was finally determined in plaintiff's favor, by reason of which litigation plaintiff was unable to pay sub-agents, lost many of them and the business which they were producing, and was thereby precluded from writing insurance in the amount of $2,900,000 per year.

Plaintiff alleges that he has been damaged in the sum of $250,000.

Defendant by motion and supplemental motion moves to strike out some twenty-four clauses or paragraphs of the petition and to make more definite and certain others, and alternatively, certain of the twenty-four.

Defendant in support of said motions claims that it is not good pleading to plead the various contracts by attaching to the petition and making part thereof copies as exhibits; that as to the

contracts, especially as to those in writing, the intention of the parties at the time or thereafter is immaterial; that any communications prior to the making of any contract are immaterial in its construction; that the expectation of the plaintiff and his expenditures of time and money thereby are immaterial; that the allegation of certain other facts which would be relevant only by way of waiver by defendant, or excuse to the plaintiff, for non-performance, or estoppel upon defendant to claim non-performance, are insufficient and inconsistent, in view of the allegation of performance, being in effect pleading in the alternative, and further that many of the allegations of the petition, upon any theory of waiver, excuse, modification of contract, estoppel, mutual interpretation thereof, are mere evidential facts.

An allegation of agreement is often an allegation of mixed law and fact, and it is sufficient to allege the agreement as it was at the time of the breach, without giving all the agreements and modifications thereof, resulting in the ultimate agreement existing at the time of breach, but the objection of defendant is not to the allegation of the various agreements, but to the manner thereof.

The petition in this case, without reference to the exhibits as part thereof, would not enable the court to ascertain what was the ultimate contract between the plaintiff and defendant at the time of the alleged breach, and except for said exhibits, in view of the general allegation of performance permitted by the code, the allegation of facts claimed to constitute waiver, excuse, estoppel by conduct and representations, and impliedly agreed interpretation of ambiguity, would be irrelevant and immaterial. Considering such exhibits as part of the petition, and the plaintiff has made them a part thereof, such allegations, unless mere evidential facts, are essential to plaintiff's cause of action if the allegation of performance should not be established. In the case of *Crawford* v. *Satfield*, 27 O. S., 421, it is said that to so plead contracts, to-wit, by inserting them bodily into the petition, is not good pleading, nevertheless the remedy in such case is not by motion to strike out, although a reformation of the pleading

could be ordered. However informal the pleading may be, the court can not strike out allegations essential to plaintiff's cause of action.

The line between mere evidential facts and ultimate facts is not always clear. Allegations of ultimate facts are often allegations of mixed law and fact, and as the object of the code is to present a clear cut issue as to facts and the sufficiency of such facts rather than the pleader's construction thereof, if the pleader relies upon specific well defined facts and conditions in support of what would otherwise be an essential allegation of mixed law and fact, he should be allowed in doubtful cases at least, to plead them, so that issue as to such facts or their sufficiency might be clearly presented. The same rule applies to waiver, performance, excuse and many other allegations. The allegation that the defendant is estopped is a mere legal conclusion, and the facts relied upon to constitute the estoppel are not merely evidential.

What the intention of the parties may have been in entering into an agreement or thereafter, is immaterial, except as derived from a construction of said agreements, but in such construction, circumstances surrounding the parties, particularly when known to both, can be shown in construing latent ambiguities, and if in lieu of pleading the ultimate agreement the facts constituting the agreement are pleaded, surrounding circumstances are not necessarily immaterial or irrelevant.

Facts constituting excuse for non-performance are manifestly not irrelevant. Allegations that the plaintiff relied upon certain facts are immaterial inasmuch as the question is not what he relied upon but what he did, and to what extent the defendant knew of what he did, and the legal effect thereof. Allegations as to high pressure methods are admitted to be irrelevant. While allegations as to the mere intention of the parties is ordinarily immaterial, nevertheless if such intentions are communicated to the other party after the making of the contract for the purpose of inducing the other to take some action affecting the other's rights, and such object is accomplished, such fact might constitute an estoppel. Acts of interpretation by the parties them-

selves, are not necessarily immaterial if there is such a clear acquiescence by both parties thereto as to constitute .an implied modification of the contract or an estoppel, at least, until reasonable notice of an intention to insist on the strict terms of the contract.   In case of ambiguity in the terms of such contract, such acts of interpretation are always relevant in the construction of the contract.

If the plaintiff is not required to allege the ultimate contract between the parties at the time of the breach, such acts would be relevant as facts from which the contract can as a matter of law be said to exist as a fact.   Brevity.in pleading is to be desired, and is accomplished by the allegation of ultimate facts, but in doubtful cases at least should be subordinate to the purpose of the code, which is to present clear and separate issues of law and fact.   Necessarily where facts are alleged they should be alleged with that certainty necessary to advise the opposite party and to further the presentation of an issue of law or fact; otherwise, the ultimate fact alone should be alleged.

If the plaintiff relies on his allegation of performance permitted by the code, the allegations as to the employment of subagents, expenditures of time and money. not being alleged as special damages, are immaterial, but the plaintiff in this case makes not only the general allegation of performance, but also pleads the acts of performance in connection with waiver, excuse and estappel as to non-performance.   Either would constitute a cause of action between which neither the defendant nor the court can elect for plaintiff.

The general rule seems to be that allegations of fact in a petition, all of which may be true, therefore not inconsistent, although the plaintiff would not be required to establish all to recover and therefore might ultimately elect to establish any one or more of them, should be and certainly may be alleged in one statement as one cause of action. *Fox* v. *Penn. Ry. Co.*, 2 Handy, 170; *Sturgis* v. *Burton*, 8 O. S., 215; *Ferguson* v. *Gilbert*, 16 O. S., 88; *Bates on Pleading and Practice*, 495, 2768.

Nevertheless, if such allegations could be divided into separate statements, each sufficient as a cause of action although only one

recovery could be had, if such causes of action are joinable under the code the courts have not required the plaintiff to elect between them. *Murphy* v. *Quigley,* 21 C. C., 313; *Pennsylvania Ry. Co.* v. *Miller,* 35 O. S., 541.

If the allegations of fact can not all be true and are therefore inconsistent, nevertheless if they are such that the plaintiff could have a fair doubt as to which he could establish, he may be permitted without error, in the interest of justice, to plead such facts in the alternative in the form of separately numbered statements or counts, which for the purpose of tendering an issue of law or fact, are regarded as separate causes of action, although but one recovery can be had.

This has not yet been determined by the Supreme Court of Ohio, but the Superior Court of Cincinnati, in well considered cases, has decided that to so plead was a right: *Bank* v. *Ry. Co.,* 9 Bul., 355; *Bank* v. *Ry. Co.,* 11 Bul., 86; *Bank* v. *Ry. Co.,* 16 Bul., 399.

The circuit court of this district, while condemning the practice, has held that to so permit is not prejudicial error. *Railway Co.* v. *Bank,* 1 C. C., 199.

The code, Section 11305, provides that the petition shall contain "a statement of facts constituting a cause of action in ordinary and concise language," and further provides that pleadings shall be verified by affidavit that "the affiant believes the facts stated in the pleading to be true" (Sections 11351, 11354, General Code). Inconsistent allegations can not both be true, and where the pleader in the interests of justice is permitted to make such allegations under oath, such right should be so exercised that the other provisions of the code can be made effective to bring about the issues of law and fact separately provided for in Sections 11376 and 11379, General Code. How can such result be obtained in pleading in the alternative, unless the plaintiff is given the same margin of belief as is permitted to the defendant, so that the demurrer and answer provided for in the code can be directed to all or each of the alternative allegations of fact presented by plaintiff's petition. This can be done only by requiring such alternative and inconsistent pleading when

permitted to be made in separate counts or statements, or as separate causes of action.

In this case, considering the exhibits of contracts, etc., attached to the petition as included therein by the allegation of the plaintiff, the plaintiff being in doubt as to whether to treat the agreement in regard to the amount of insurance as a condition or as modified by the parties, or waived, or as ineffective by reason of a valid excuse or estoppel, alleges full performance, and also the facts which might constitute a waiver, excuse, or estoppel of any one count by a single cause of action, thereby compelling the defendant having the right to the same doubt, to answer or demur as to all, thereby precluding him from answering as to performance, and if he should see fit to admit by demurrer the facts alleged as constituting waiver, excuse or estoppel, precluding him from raising by such demurrer, the question of the sufficiency of such facts. If in the interests of justice the plaintiff is allowed to plead in the alternative, in the interests of justice to the defendant the plaintiff should be required to so plead in separate counts or separate causes of action.

Alternative pleading is permissible, or even if not permissible, the province of a motion is not to test the sufficiency of the allegations of a petition unless manifestly immaterial or irrelevant to any cause of action stated in the petition. Neither the defendant nor the court is permitted to elect for the plaintiff, and strike out allegations which would leave the petition insufficient in law as to any cause of action in the petition however informally stated.

For the reasons above stated the motion of the defendant is overruled as to the following clauses of said motion, to-wit:

I.    Clauses 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 15, 15a, 16, 17, except as to the last sentence thereof, 18, 20, 21, 22, 23 and 24.

II.    Clauses 2, 3 and 7.

And granted as to:

I.    Clauses 10, 11, 12a, 12x, 12y, 12z, 13w, 13x, 13y, 13z, 14, 17 as to the last sentence, and 19.

II.    Clauses 1, 4, 5 and 6.

The supplemental motion is overruled.